## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>EDWARD P. SUTTON,<br><br>          Debtor. | Chapter 13<br><br>Case No. A13-00254-GS |
| EDWARD P. SUTTON, and LARRY D. COMPTON, Trustee,<br><br>          Plaintiffs,<br><br>     v.<br><br>DAVID O. SUTTON, and DAVID O. SUTTON LIVING TRUST,<br><br>          Defendants. | Adversary No. A13-90015-GS |

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

To:     The United States District Court

<u>Introduction</u>

The defendants have filed a *Motion to Withdraw the Reference* of this proceeding to the United States District Court for the District of Alaska.  The plaintiff, Edward P. Sutton, does not oppose the motion.  The issues have been fully briefed, and are ready for determination.  The Bankruptcy Court submits the following report to the United States District Court, and recommends that the motion to withdraw the reference be granted.

<u>Case Background</u>:

The debtor, Edward P. Sutton, filed a chapter 13 petition on May 8, 2013.  A significant component of his confirmed *Third Amended Chapter 13 Plan* is the recovery of four lots in the Palmer Recording District which the debtor transferred to his father, and his living trust, prepetition and without consideration.[1]  The debtor intends to sell the lots, after recovery, with the net proceeds to be paid to the chapter 13 trustee and distributed in accordance with the *Plan.*

To implement these provisions, the debtor filed this adversary proceeding to recover the lots from his father, as fraudulent transfers under 11 U.S.C. §§ 548, 550.  The defendants have filed an *Answer* and a timely *Demand for Jury Trial*.  They do not expressly consent to having the bankruptcy court conduct the jury trial.  In their *Answer*, they assert, as an affirmative defense, that the bankruptcy court does not have subject matter jurisdiction in this core proceeding, and that the reference should be withdrawn or the case dismissed.  This is also the basis on which they have moved for withdrawal of the reference.  The defendants contend the bankruptcy court lacks subject matter jurisdiction because they are not creditors of the debtor and have not filed claims in the bankruptcy proceeding.  In support of their motion, the defendants cite *Executive Benefits Insurance Agency v. Arkison (In the Matter of Bellingham Insurance Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), *cert. granted,* ___ U.S. ___, 133 S.Ct. 2880 (2013).

---

[1] *See Third Am. Chapter 13 Plan*, filed Dec. 13, 2013 in *In re Sutton*, Main Case No. A13-00254-GS (Docket No. 40).

The debtor has filed a non-opposition to withdrawal of the reference. Although he disagrees with the defendants' interpretation of *Executive Benefits*, he notes that their jury demand "adds complexity to the question of which Court should hear this matter."[2]

Analysis:

In the wake of the Supreme Court's *Stern v. Marshall* decision,[3] the bankruptcy court's jurisdiction to hear fraudulent conveyance actions, which are defined as core proceedings under 28 U.S.C. § 157(b)(2)(H), has become unsettled. In *Executive Benefits*, the Ninth Circuit held that bankruptcy courts lack the authority to enter final judgments in actions to recover fraudulent transfers, but may enter proposed findings of fact and conclusions of law against a noncreditor in such cases.[4] The Supreme Court may clarify the limits of bankruptcy jurisdiction when it issues its decision in *Executive Benefits*. However, the instant motion falls on more well settled ground.

This adversary action seeks to avoid a fraudulent transfer under 11 U.S.C. §§ 548 and 550. The defendants have not filed claims in the debtor's bankruptcy case. Accordingly, these noncreditor defendants have retained a right to a jury trial.[5] They have filed a timely jury demand, and do not consent to a jury trial before the bankruptcy court. Absent their

---

[2] *Pl.'s Non-Opp'n to Withdrawal of Reference*, filed Jan. 2, 2014 (Docket No. 14), at 2.

[3] *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594 (2011)

[4] *Executive Benefits,* 702 F.3d at 565-566.

[5] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989).

express consent, the bankruptcy court cannot conduct the jury trial in this matter.[6]  For this

reason, the bankruptcy court recommends that the reference be withdrawn in this instance.

However, the bankruptcy court further recommends that all pre-trial matters, including

motions for summary judgment, be remanded to the bankruptcy court, and that the matter be

scheduled for trial upon certification that all pre-trial matters have been completed.[7]

DATED:  February 6, 2014

BY THE COURT

 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  E. LeRoy, Esq.
        C. Johansen, Esq.
        L. Compton, Trustee (courtesy copy)

---

[6] 28 U.S.C. § 157(e).

[7] Because the bankruptcy court retains the authority to propose findings of fact and conclusions of law in fraudulent conveyance cases, *Executive Benefits,* 702 F.3d at 565-566, it is able to issue reports and recommendations on dispositive motions.  *See generally, Boyd v. King Par, LLC*, 2011 WL 5509873, *2 (W.D. Mich. Nov. 10, 2011)("even if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment on any and all of the claims against Defendant Baird, that does not deprive the bankruptcy court of the power to entertain all pre-trial proceedings, including summary judgment motions."); *In re Trinsum Group, Inc.*, 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012)("both before and after *Stern v. Marshall,* it is clear that the bankruptcy court may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint, as occurred in this case.").  The bankruptcy court has comparable power in non-core proceedings.  *See* AK LBR 9033-1(b), (c).

4